IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **ROGER WILSON, ZACHARY CHASTAIN & TRAVIS DELDUCA,**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**1400 NORTHSIDE DRIVE, INC. d/b/a SWINGING RICHARDS and C.B. JONES II,**<br><br>**Defendants.** | Civil Action No. 1:15-cv-4453-CAP<br><br><br>JURY TRIAL DEMANDED |

## <u>FIRST AMENDED COMPLAINT</u>

Plaintiffs Roger Wilson, Zachary Chastain, and Travis Delduca, by and through the undersigned attorneys and pursuant to Fed. R. Civ. P. 15(a)(2), and with the consent of Defendants, hereby file this First Amended Complaint asserting claims against Defendants 1400 Northside Drive, Inc. and C.B. Jones II under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA") for due but unpaid minimum and overtime wages and other relief on the grounds set forth as follows:

## INTRODUCTION

1.

This is an action brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, by three former exotic dancers employed by Defendants at Swinging Richards nightclub in Atlanta, Georgia, and is based on Defendants' common policy and practice of misclassifying all dancers as independent contractors and therefore exempt from the FLSA's minimum wage and overtime pay requirements. As a result, Plaintiffs regularly received less than the federal minimum wage of $7.25 per hour during each workweek as required by the FLSA.

2.

A related case, *Henderson et al. v. 1400 Northside Drive, Inc. et al.*, 1:13-cv-03767-TWT (N.D. Ga.) is currently pending before this Court. *Henderson* is a collective action involving virtually identical minimum wage claims. Plaintiffs are ineligible to join that collective action because the "opt-in" period in that action has closed.

## PARTIES

3.

Plaintiff Roger Wilson is a natural person and current employee of Defendants, having worked as a dancer at Swinging Richards during the Relevant Time Period

of October 2013 through the present. Plaintiff Wilson resides within the Northern District of Georgia.

4.

Plaintiff Zachary Chastain is a natural person and current employee of Defendants, having worked as a dancer at Swinging Richards during the Relevant Time Period of March 27, 2013 through the present. Plaintiff Chastain resides within the Northern District of Georgia.

5.

Plaintiff Travis Delduca is a natural person and current employee of Defendants, having worked as a dancer at Swinging Richards during the Relevant Time Period of approximately November 2013 through the present. Plaintiff Delduca resides within the Northern District of Georgia.

6.

Defendant 1400 Northside Drive, Inc. is a domestic for-profit corporation with its principal place of business located at 1400 Northside Drive NW, Atlanta, GA, 30318. On information and belief Defendant 1400 is the legal owner of the Swinging Richards club. Defendant 1400 has previously been served with a copy of the summons and complaint in this Action.

7.

Defendant 1400 is subject to the personal jurisdiction of this Court.

8.

Defendant C.B. Jones II is a natural person who is the sole shareholder of 1400 Northside Drive, Inc., who holds himself out as the "owner" of Swinging Richards, and who has ultimate control over all aspects of the operation of 1400 Northside Drive, Inc.

9.

Defendant Jones resides within the Northern District of Georgia and has previously been served with a copy of the summons and complaint in this Action.

10.

Defendant Jones is subject to the personal jurisdiction of this Court.

**JURISDICTION AND VENUE**

11.

The jurisdiction of this Court is proper pursuant to Article III, § 2 of the United States Constitution, 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337, as this case arises under the FLSA, a federal statute which affects interstate commerce.

12.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because Defendants regularly conduct business in this judicial district, a substantial portion of the events giving rise to the claims herein arose in this judicial district, and both Defendants reside in this judicial district.

## FACTUAL ALLEGATIONS

13.

Plaintiffs bring this action against Defendants under the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.* ("FLSA") for failure to pay minimum wage.

14.

Plaintiffs have worked as dancers at Swinging Richards, a nightclub club owned by Defendants whose primary business is to provide entertainment in the form of nude and semi-nude male dancers and the sale of alcoholic beverages.

15.

At all times during the Relevant Time Period, Defendants have improperly categorized Plaintiffs and all dancers working at Swinging Richards as "independent contractors."

16.

At all times during the Relevant Time Period, Defendants did not require Plaintiffs or other dancers to have any specialized skills, training, or knowledge.

17.

At all times during the Relevant Time Period, the position of dancer did not require a four-year college degree.

18.

At all times during the Relevant Time Period, the position of dancer did not require a professional license but only a City of Atlanta adult entertainment work permit.

19.

At all times during the Relevant Time Period, Defendant 1400 was an "employer" of Plaintiffs as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

20.

At all times during the Relevant Time Period, Defendant 1400 was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

21.

At all times during the Relevant Time Period, Defendant 1400 has had two or more employees who regularly participated in the sale and service of food products and alcoholic beverages that were produced and shipped from outside of the State of Georgia.

22.

At all times during the Relevant Time Period, Defendant 1400 had two or more employees who regularly processed credit card transactions involving customers residing in states other than the State of Georgia.

23.

At all times during the Relevant Time Period, Defendant 1400 had two or more employees who regularly processed credit card transactions involving financial institutions located in states other than the State of Georgia.

24.

At all times during the Relevant Time Period, Defendant 1400 had two or more employees who regularly used wires for the interstate transfer of funds in the furtherance of its business.

25.

In 2013, Defendant 1400 had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

26.

In 2013, Defendant 1400 had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

27.

Such items "moved in or produced for commerce" included wine, beer, liquor and other alcoholic products; food and food service items; computers; music equipment; office furniture and office supplies.

28.

In 2013, Defendant 1400 had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

29.

In 2014, Defendant 1400 had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

30.

In 2014, Defendant 1400 had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

31.

In 2014, Defendant 1400 had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

32.

In 2015, Defendant 1400 had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

33.

In 2015, Defendant 1400 had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

34.

In 2015, Defendant 1400 had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

35.

At all times during the Relevant Time Period, Plaintiffs were "employees" of Defendant 1400 as defined in 29 U.S.C. § 203(e)(1).

36.

The work done by Plaintiffs as dancers was an integral and essential part of Defendant 1400's business purpose.

37.

At all times during the Relevant Time Period, Defendant Jones was an "employer" of Plaintiffs as defined in FLSA § 3(d), 29 U.S.C. § 203(d) inasmuch as he was acting directly or indirectly in the interest of Defendant 1400 in his interactions with Plaintiffs and all others who worked at Swinging Richards.

38.

At all times during the Relevant Time Period, Defendant Jones had ultimate control over the terms and conditions of the employment of Plaintiffs and all other Swinging Richards dancers on a day-to-day basis.

39.

Specifically, Defendant Jones was and is an owner and the CEO of 1400 Northside Drive, Inc.

40.

At all times during the Relevant Time Period, Defendant Jones has had authority and exercised control over the finances and operations of Swinging Richards.

41.

At all times during the Relevant Time Period, Defendant Jones has exercised ultimate control over the day-to-day business of Swinging Richards, including the terms of Plaintiff's employment.

42.

At all times during the Relevant Time Period, Defendant Jones exercised ultimate control over hiring and firing Swinging Richards' employees, including Plaintiff.

43.

At all times during the Relevant Time Period, Defendant Jones has had authority and control over Swinging Richards' common policy of classifying dancers such as Plaintiffs as independent contractors who were paid no wages.

44.

At all times during the Relevant Time Period, Defendant Jones has had authority over the terms of Plaintiffs' working conditions, including all rules applicable to Swinging Richards' dancers.

45.

At all times during the Relevant Time Period, Defendants established rules concerning dancer attire, dancer appearance, minimum number of work shifts per week, stage rotation scheduling, work attendance, and interactions with customers for Plaintiffs and other dancers at Swinging Richards.

46.

At all times during the Relevant Time Period, Defendants set the price dancers were allowed to charge for dances.

47.

At all times during the Relevant Time Period, Defendants financed all advertising and marketing efforts undertaken on behalf of Swinging Richards; made capital investments in the facilities, maintenance, sound system, lights, food, beverage and inventory; and made all hiring decisions regarding wait staff, security, dancers, managerial and all other employees at Swinging Richards.

48.

At all times during the Relevant Time Period, Defendants established a variety of written guidelines and policies which governed the conduct of Plaintiffs and other dancers at Swinging Richards.

49.

If Plaintiffs or other Swinging Richards dancers were late for work or failed to appear for a scheduled shift, Defendants imposed a fine on them.

50.

At all times during the Relevant Time Period, Plaintiffs have been subject to a variety of these fees and fines.

51.

At all times during the Relevant Time Period, Defendants required dancers, including Plaintiffs, to pay specific fees, such as a "house fee," "DJ fee," and "t-shirt fee" in order to work on any given shift.

52.

At all times during the Relevant Time Period, the specific amounts that Defendants required Plaintiffs and other Swinging Richards' dancers to pay has varied, but typically totaled at least $100 per shift for Plaintiff.

53.

The fees described herein constitute unlawful "kickbacks" to the employer within the meaning of the Fair Labor Standards Act and relevant Department of Labor regulations.

54.

At all times during the Relevant Time Period, Plaintiff Wilson typically worked three (3) or four (4) shifts per week.

55.

At all times during the Relevant Time Period, Plaintiff Chastain typically worked three (3) to five (5) shifts per week.

56.

At all times during the Relevant Time Period, Plaintiff Delduca typically worked three (3) to five (5) shifts per week.

57.

At all times during the Relevant Time Period, Plaintiffs were not guaranteed at least $455.00 per week in wages for their work at Swinging Richards.

58.

Defendants have never paid Plaintiffs or other dancers any amount as wages whatsoever.

59.

At all times during the Relevant Time Period, the only source of work related income received by Plaintiffs were gratuities he received from Swinging Richards' customers.

60.

By misclassifying Plaintiffs and other Swinging Richards' dancers as independent contractors and not as employees, Defendants have not relied on any formal opinion of the Department of Labor indicating that such practice was permitted under the FLSA.

61.

In 1993, the U.S. Department of Labor issued a letter ruling to attorney Scott Schulten who was representing a group of adult entertainment club owners (including Defendant Jones and Defendant 1400 Northside Drive, Inc.) holding that Defendant 1400's (then female) dancers were employees entitled to payment of minimum wages and not independent contractors.

62.

Upon information and belief, by misclassifying dancers such as Plaintiffs as independent contractors and not as employees, Defendants have not relied on any legal advice indicating that such practice was permitted under the FLSA.

15

63.

Upon information and belief, at all times during the Relevant Time Period, Defendants have failed to "post and keep posted a notice explaining the [FLSA] . . . in [a] conspicuous place[]," as required by 29 CFR § 516.4.

64.

At all times during the Relevant Time Period, Defendants have failed and refused to adequately compensate Plaintiffs at the legally required minimum wage for all work hours up to forty (40) in any and every given workweek, and have willfully refused to rectify the situation, even after being sued for identical FLSA violations in 2013.

65.

Defendants are liable to Plaintiffs for compensation for any and all time worked up to forty (40) hours per week at the minimum wage rate of $7.25 per hour, plus the return of all kickbacks improperly collected from Plaintiffs.

66.

Defendants' conduct constitutes willful violations of 29 U.S.C. §§ 206 and 215 of the FLSA, entitling Plaintiffs to all relief afforded under the FLSA, including the application of a three (3) year statute of limitations, the award of liquidated damages, and attorney's fees and costs of litigation pursuant to 29 U.S.C. § 216.

67.

Defendants knew, or showed reckless disregard for the fact that they misclassified Plaintiffs and other dancers as independent contractors, and accordingly failed to pay these individuals the minimum wage and failed to pay overtime at the required rate under the FLSA.

68.

At all times during the Relevant Time Period, Plaintiffs was not exempt from the minimum wage requirements of the FLSA.

69.

Upon information and belief, at all times during the Relevant Time Period, Defendants failed to maintain records of the number of hours worked by Plaintiffs.

70.

In 2014, Defendant 1400 filed an IRS Form 1099-MISC with the Internal Revenue Service categorizing monies earned by Plaintiff Wilson in calendar year 2013 as nonemployee compensation.

71.

In 2015, Defendant 1400 filed an IRS Form 1099-MISC with the Internal Revenue Service categorizing monies earned by Plaintiff Wilson in calendar year 2014 as nonemployee compensation.

72.

In 2015, Defendant 1400 filed an IRS Form 1099-MISC with the Internal Revenue Service categorizing monies earned by Plaintiff Chastain in calendar year 2014 as nonemployee compensation.

73.

In 2015, Defendant 1400 filed an IRS Form 1099-MISC with the Internal Revenue Service categorizing monies earned by Plaintiff Delduca in calendar year 2014 as nonemployee compensation.

74.

In 2016, Defendant 1400 filed an IRS Form 1099-MISC with the Internal Revenue Service categorizing monies earned by Plaintiff Chastain in calendar year 2015 as nonemployee compensation.

75.

In 2016, Defendant 1400 filed an IRS Form 1099-MISC with the Internal Revenue Service categorizing monies earned by Plaintiff Delduca in calendar year 2015 as nonemployee compensation.

76.

Defendant 1400's characterization of Plaintiffs' earnings as nonemployee compensation—rather than employee compensation in a Form W-2—was false,

18

because Plaintiffs were employees of Defendant 1400 and not independent contractors.

77.

In each relevant year, Defendant 1400 fraudulently misclassified Plaintiffs as independent contractors and filed a fraudulent IRS Forms 1099 with respect to their earnings for the purpose of Defendant 1400's own enrichment, which included but was not limited to avoiding payment of minimum wages, avoiding payment of state unemployment taxes, avoiding state and federal payroll tax contributions, and avoiding state workers' compensation taxes.

**CLAIMS FOR RELIEF**

**COUNT ONE**

**VIOLATION OF 29 U.S.C. §§ 206 AND 215 AGAINST BOTH DEFENDANTS**
**(Minimum Wage Violations)**

78.

Paragraphs 1 through 77 are incorporated herein by this reference.

79.

At all times during the Relevant Time Period, Plaintiffs were entitled to be paid $7.25 for each and every hour worked for Defendants in a given workweek.

80.

Defendants regularly failed to pay Plaintiffs the equivalent of $7.25 per hour free and clear for each hour worked for Defendants in any and all given workweeks.

81.

Defendants' failure to compensate Plaintiffs the equivalent of $7.25 per hour for each hour worked for Defendants in any and all given workweeks is a violation of §§ 206 and 215 of the Fair Labor Standards Act of 1938, as amended.

82.

Defendants' violation of §§ 206 and 215 of the Fair Labor Standards Act was willful. Said violation gives rise to a claim for relief under the FLSA for unpaid minimum wages for three years prior to the filing of this Complaint, through the date of judgment in this action, liquidated damages in an amount equal to the unpaid compensation, declaratory relief, and reasonable attorneys' fees and expenses of litigation, pursuant to 29 U.S.C. § 216.

## COUNT TWO

## VIOLATION OF 26 U.S.C. § 7434 AGAINST DEFENDANT 1400
**(Willful Filing of Fraudulent Information Returns)**

83.

Paragraphs 1 through 82 are incorporated herein by this reference.

20

84.

At all relevant times, Plaintiffs have been employees of 1400 Northside Drive, Inc.

85.

At all relevant times, Defendant 1400 has classified Plaintiffs as independent contractors, and not as employees.

86.

At all times material hereto, Defendant 1400 has fraudulently misclassified Plaintiffs as independent contractors.

87.

In 2014, 2015, and 2016, Defendant 1400 willfully filed IRS Forms 1099-MISC with the Internal Revenue Service categorizing certain monies received by Plaintiffs in calendar years 2013, 2014, and 2015 as nonemployee compensation.

88.

Defendant 1400's classification of Plaintiffs' income as nonemployee compensation in the IRS Forms 1099-MISC was false and fraudulent.

89.

Defendant 1400 fraudulently misclassified Plaintiffs' income as nonemployee compensation for its own enrichment, entitling Plaintiffs to all benefits afforded by 26 U.S.C. § 7434.

**WHEREFORE**, Plaintiffs request that this Court:

(a)     Take jurisdiction of this matter;

(b)     Issue an Order holding each of the Defendants to be an "employer" as that term is defined under the FLSA;

(c)     Grant a trial by jury as to all matters properly triable to a jury;

(d)     Issue a judgment declaring that Plaintiffs were employees of Defendants and were covered by the provisions of the FLSA, and that Defendants have failed to comply with the requirements of the FLSA;

(e)     Award Plaintiffs proper payment of minimum wages for each hour worked from three years preceding the filing of this Action, and liquidated damages equaling 100% of that amount, as required by the FLSA;

(f)     Award Plaintiffs a return of all kickbacks paid by Plaintiffs from three years preceding the filing of this Action, and liquidated damages equaling 100% of that amount, as required by the FLSA;

(g)   Award Plaintiffs prejudgment interest on all amounts owed;

(h)   Award Plaintiffs nominal damages;

(i)   Award Plaintiffs their reasonable attorney's fees and costs of litigation pursuant to 29 U.S.C. § 216(b); and

(j)   Issue an Order holding that Defendant 1400 violated 26 U.S.C. § 7434 by willfully filing fraudulent tax information returns with respect to Plaintiffs' earnings during each relevant year;

(k)   Award Plaintiffs no less than $5,000 for each fraudulent tax information return filed with respect Plaintiffs' earnings during the Relevant Time Period;

(l)   Award Plaintiffs their reasonable attorney's fees and costs of litigation pursuant to 26 U.S.C. § 7434; and

(m)   Award any and such other further relief this Court deems just, equitable and proper.

Respectfully submitted this 8th day of March 2015.

**DELONG, CALDWELL, BRIDGERS, FITZPATRICK & BENJAMIN, LLC**

3100 Centennial Tower
101 Marietta Street, NW
Atlanta, Georgia 30303
(404) 979-3150 Telephone

*/s/ Mitchell D. Benjamin*
Mitchell D. Benjamin
Georgia Bar No. 049888

*/s/ Matthew W. Herrington*
Matthew W. Herrington
Georgia Bar No. 275411

(404) 979-3170 Facsimile                      ATTORNEYS FOR PLAINTIFFS
benjamin@dcbflegal.com
matthew.herrington@dcbflegal.com

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

**ROGER WILSON et al.,**

        **Plaintiff,**

        **vs.**

**1400 NORTHSIDE DRIVE, INC. et al.,**

        **Defendants.**

Civil Action No. 1:15-cv-4453-CAP

### Certificate of Service

I hereby certify that on this day I caused the foregoing document to be filed with the Clerk via the Court's CM/ECF system, thereby ensuring electronic service upon all counsel of record. I further certify that I have this day served the foregoing document upon Defendants by depositing the same in the U.S. Mail, first-class postage prepaid, addressed to:

Herbert P. Schlanger
Law Offices of Herbert P. Schlanger
230 Peachtree Street, N.W., Suite 1890
Atlanta, Georgia 30303

Dated: March 8, 2016.

*/s/ Matthew W. Herrington*
Matthew W. Herrington
Georgia Bar No. 275411

25