# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

**ROGER WILSON, et al.,**
    **Plaintiffs**

                                      Civil ActionNumber
**v.**                                     1:15-cv-4453-SCJ

**1400 NORTHSIDE DRIVE, INC.,**
    **Defendant**

## ANSWER TO AMENDED COMPLAINT,
## COUNTERCLAIM
## AND
## DEMAND FOR A JURY TRIAL

**1400 NORTHSIDE DRIVE, INC.**, and **C.B. JONES, II**, for their answer to the amended complaint of the plaintiffs, admit, deny and aver as follows:

### FIRST AFFIRMATIVE DEFENSE

The complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

To the extent that any or all of the plaintiffs are found to be entitled to have been paid the minimum wage by defendant, they have already been paid more than that amount.

1

**THIRD AFFIRMATIVE DEFENSE**

To the extent that any or all of the plaintiffs are found to be entitled to have been paid the minimum wage by defendant, the defendant is entitled to recoup from each of the plaintiffs the service charge amounts in excess of the minimum wage, which amounts were imposed by the defendant on its customers and paid by the defendant to or retained by plaintiffs.

**FOURTH AFFIRMATIVE DEFENSE**

To the extent that any or all of the plaintiffs are found to be entitled to have been paid the minimum wage by defendant, the defendant is entitled to have offset against any amount determined to be owed by the service charge amounts imposed by the defendant on its customers and paid to or retained by the plaintiffs.

**FIFTH AFFIRMATIVE DEFENSE**

Some or all of the plaintiffs' claims are barred by the statute of limitations.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiffs are exempt from the coverage of the FLSA by virtue of the "creative professional" exemption, 29 U.S.C. §213 and 29 C.F.R. §541.302.

**SEVENTH AFFIRMATIVE DEFENSE**

Any FLSA violation that may have occurred was not willful and was the

result of actions taken in good faith.

**SUBSTANTIVE RESPONSES**

1. Defendants admit, with respect to the allegations contained in paragraph 1 of the complaint, that plaintiffs bring this action pusuant to the FLSA, and deny the remaining allegations of paragraph 1.

2. Defendants admit that the case cited in paragraph 2 is pending in this Court but deny the remaining allegations of paragraph 2.

3. Defendants admit the allegations contained in paragraphs 3, 4, 5, 6, 7 8, 9, and 10 of the complaint and, with respect to paragraphs 11 and 12, admit that this Court has subject matter jurisdiction of plaintiffs' claims, that defendants are subject to personal jurisdiction in this Court and that venue is proper in this district.

4. Defendants admit that this action is brought pursuant to the FLSA, as is alleged in ¶13, that plaintiffs have performed at Swinging Richards (¶14), the allegations contained in paragraphs 16, 17, 18, 28, 31, 34, 39, 45, 47 (on behalf of 1400 Northside but denied as to Mr. Jones), 48 (on behalf of 1400 Northside but denied as to Mr. Jones), 51 (on behalf of 1400 Northside but denied as to Mr. Jones), 57, 70, 71, 72, 73, 74, 75, 85, and 87.

5. Defendants deny the allegations contained in paragraphs 15, 19, 20, 21, 22, 23, 24, 25, 26, 27, 29, 30, 32, 33, 35, 36, 37, 38, 40, 41, 42, 43, 44, 46 (but admit that they set the minimum price that was charged to customers for dances), 49, 50, 53, 58, 59, 60, 61 (but admit the existence of the letter ruling, the terms of which speak for itself), 62, 63, 64, 65, 66, 67, 68, 69, 76, 77, 79, 80, 81, 82, 84, 86, 88, and 89 of the amended complaint.

6. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraphs 52, 54, 55, and 56 of the amended complaint, and therefore denies them.

7. In response to the allegations contained in paragraphs 78 and 83 of the amended complaint, defendant incorporates its responses to the paragraphs referred to therein.

8. Defendant denies each and every allegation contained in the plaintiffs' amended complaint which is not expressly and explicitly admitted in this answer and denies each and every inference adverse to it which might be drawn from any such admission contained in this answer.

9. Plaintiffs' actions giving rise to this lawsuit were taken in bad faith and have caused the defendant unnecessary trouble and expense.

WHEREFORE, having fully answered plaintiffs' amended complaint, defendant asks that the same be dismissed, that the plaintiffs take nothing, that judgment be entered against the plaintiffs and in favor of the defendant for its costs of this action (including a reasonable attorney's fee) and for such other and further relief as the Court deems just in the circumstances.

## COUNTERCLAIM

**1400 NORTHSIDE DRIVE, INC.** (referred to below as "1400 Northside"), for its counterclaim against **DONALD WILSON, ZACHARY CHASTAIN,** and **TRAVIS DELDUCA** (who are referred to below jointly as "plaintiffs" or "counterclaim defendants"), alleges as follows:

### Jurisdiction and Venue

1. This counterclaim is a compulsory counterclaim and this Court therefore has jurisdiction over its subject matter. Venue is proper in this Court because the counterclaim defendants initiated this action in this Court.

### Substantive allegations

2. It was the responsibility of each of the plaintiffs to record accurately the hours during which he was present in the club by signing in and signing out on the forms provided by the club.

5

  a. Plaintiffs often failed properly to fill out the time forms, thus making it impossible to determine with certainty the time of either his arrival at the club, or his departure from the club, or both.

  b. During the time that each of the plaintiffs was present in the club, he was responsible for deciding how many hours he would work.

  c. Based on information available to 1400 Northside, it is estimated that on average an entertainer works no more than 6 hours on any day that (1) the club is open and (2) he chooses to perform at the club.

3. Each of the plaintiffs made certain representations and promises and acknowledged certain understandings in order to induce 1400 Northside to permit him to perform as an entertainer in Swinging Richards.

a. Among those acknowledgments and understandings was that he acknowledged and agreed that 1400 Northside would not be responsible for compensating him in any way for the performances which he presented at Swinging Richards and that his compensation would be provided directly by customers of Swinging Richards.

b. Among those acknowledgments and representations was that he was an independent contractor, responsible for filing any and all necessary tax returns and paying all taxes owed on his earnings.

c. Among those acknowledgments and understandings was that, although 1400 Northside imposed on its customers certain minimum fees and charges, entertainers would be permitted to retain (or to receive) such fees (less certain deductions) as were associated with the entertainment that they provided to their customers. During the three years prior to the filing of this suit, those minimum service charges were, among others:

   i. A $10.00 minimum charge for a table dance performed by a dancer in the main room of Swinging Richards;

   ii. A $20.00 minimum charge for a dance performed by a dancer

     in the VIP Lounge or in a private VIP room; and

  iii. A minimum charge (in addition to the charge for use of the room) for using a VIP room with a dancer:

    (1) a $100.00 minimum charge for a session lasting about 15-minutes;

    (2) a $200.00 minimum charge for a session lasting about 30-minutes; and

    (3) a $400.00 minimum charge for a session lasting about 60-minutes.

  iv. Any amounts paid to dancers by customers in excess of these minimums are considered by 1400 Northside to be tips paid to the dancers by the customers.

4. By bringing this lawsuit, each of the plaintiffs has repudiated his promises, agreements, representations and understandings concerning his compensation and each has breached his contract with defendant.

5. By bringing this lawsuit, each of the plaintiffs has now asserted that he was entitled to have been and now desires to have been compensated by 1400 Northside at the hourly rate of the minimum wage.

6. The plaintiffs may not properly demand hourly compensation from 1400 Northside and, in addition, retain the service charges imposed by 1400 Northside on customers which the entertainers accepted in lieu of minimum wage compensation from 1400 Northside.

7. 1400 Northside is entitled to recover from each of the plaintiffs an amount equal to the difference between the total amount of service charges which the particular plaintiff retained or accepted and the amount of the minimum wage of $7.25 times the number of hours that each particular plaintiff performed at Swinging Richards.

8. 1400 Northside believes, based on the information available to it, that each of the plaintiffs performed, on average, at least one table dance for a customer in the main room of Swinging Richards for every two hours he performed in the club.

    a. For each such table dance, each plaintiff retained the service charge imposed by 1400 Northside Drive in the amount of $10.00.

    b.    1400 Northside is entitled to recover from each of the plaintiffs (in addition to the amounts set out above) an amount equal to the total amount of service charges which the particular plaintiff retained or accepted for table dances.

9. Permitting the plaintiffs to retain service charges belonging to 1400 Northside Drive while they assert their entitlement to additional wages in contravention of their agreements with 1400 Northside Drive would unjustly enrich the plaintiffs and would reward their breaches of contract.

10. Plaintiffs have acted in bad faith and have caused 1400 Northside unnecessary trouble and expense by retaining service charges belonging to 1400 Northside while claiming to be entitled to additional compensation, thus entitling the defendant (counterclaim plaintiff) to an award of a reasonable attorney's fee incurred in its defense of plaintiffs' claim and its pursuit of this counterclaim.

**WHEREFORE**, 1400 Northside Drive, Inc., demands judgment against each plaintiff individually for such amount as the jury may determine will compensate it for the plaintiffs' breaches of contract, for its costs of this action (including a reasonable attorney's fee) and for such other and further relief as the Court deems just in the circumstances.

## JURY TRIAL DEMAND

Defendants hereby demands a trial by jury of the claims asserted by plaintiffs in their complaint and by the defendant in its counterclaim.

        /s/ HERBERT P. SCHLANGER
Herbert P. Schlanger[1]
Ga. Bar Number 629330
Counsel for defendant

Law Offices of Herbert P. Schlanger
Suite 1890
230 Peachtree Street, N.W.
Atlanta, Georgia 30303
(404) 808-6659 (voice)
(404) 745-0523 (facsimile)
hschlanger@bellsouth.net
herb@schlanger.com

---

[1] Counsel hereby certifies, pursuant to the requirements of LR 7.1.D., that the foregoing document was prepared using 14-point Times New Roman type.

# CERTIFICATE OF SERVICE

I hereby certify that on April 18, 2016, I electronically filed the foregoing ANSWER AND COUNTERCLAIM with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Charles R. Bridgers, Esq.
Kevin D. Fitzpatrick, Esq.
Matthew W. Herrington, Esq.
3100 CENTENNIAL TOWER
101 MARIETTA STREET
ATLANTA, GEORGIA 30303
(404) 979-3171
(404) 979-3170 (f)
charlesbridgers@dcbflegal.com
kevin.fitzpatrick@dcbflegal.com
matthew.herrington@dcbflegal.com

                                                        /s/ HERBERT P. SCHLANGER
                                                      Herbert P. Schlanger
                                                          Ga. Bar Number 629330
                                                      Counsel for defendants

Law Offices of Herbert P. Schlanger
Suite 1890
230 Peachtree Street, N.W.
Atlanta, Georgia 30303
(404) 808-6659 (voice)
(404) 745-0523 (facsimile)
herb@schlanger.com